**In re: SATYAM COMPUTER SER-VICES, LTD., SECURITIES LITIGATION.**

**MDL No. 2027.**

United States Judicial Panel on Multidistrict Litigation.

April 9, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR.,* Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiff in an action pending in the Northern District of California has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Southern District of New York.[1] This litigation currently consists of six actions: movant's action and five actions pending in the Southern District of New York, as listed on Schedule A.[2] With the exception of plaintiff in one action pending in the Southern District of New York, who opposes centralization in the first instance, all responding parties support centralization in the Southern District of New York.

After considering the argument of counsel, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the con-venience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from a purported massive financial scandal involving common defendant Satyam Computer Services, Ltd. (Satyam), one of India's largest information technology and outsourcing companies. Plaintiffs allege, *inter alia*, that defendants deceived the investing public regarding Satyam's business and finances, and thereby caused plaintiffs to purchase the company's American Depositary Shares at artificially inflated prices. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation. Five of the six constituent actions, including the first-filed action, are already pending there, and the parties suggest that some discovery from accountants and banks may take place in the district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Northern District of California action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Barbara S. Jones for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

---

\* Judge Damrell took no part in the disposition of this matter.

1. The moving plaintiff initially sought centralization in the Northern District of California, but later amended his position to support selection of the Southern District of New York as transferee district.

2. The Panel has been notified of five additional related actions. Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

MDL No. 2027 — IN RE: SATYAM COMPUTER SERVICES, LTD., SECURITIES LITIGATION

*Northern District of California*
  Saji Vettiyil v. Satyam Computer Services, Ltd., et al., C.A. No. 5:09–117

*Southern District of New York*
  Aekta Ben Patel v. Satyam Computer Services, Ltd., et al., C.A. No. 1:09–93
  Hossein Momenzadeh v. Satyam Computer Services, Ltd., et al., C.A. No. 1:09–161
  Cynthia Freeman v. Satyam Computer Services, Ltd., et al., C.A. No. 1:09–330
  Naveen Chander Jepu v. Satyam Computer Services, Ltd., et al., C.A. No. 1:09–337
  Bert H. Sturgis, II v. Satyam Computer Services, Ltd., et al., C.A. No. 1:09–361