## IN RE: SATYAM COMPUTER SERVICES, LTD., SECURITIES LITIGATION.

Aberdeen Claims Administration, Inc. v. Satyam Computer Services Limited, et al., E.D. Pennsylvania, C.A. No. 2:09–5453.

MDL No. 2027.

United States Judicial Panel on Multidistrict Litigation.

April 1, 2010.

1382

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER*, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\***: Plaintiff in an action pending in the Eastern District of Pennsylvania has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action (*Aberdeen*) to the Southern District of New York for inclusion in MDL No.2027. Responding defendants Satyam Computer Services Ltd.; PricewaterhouseCoopers International Limited; Price Waterhouse, Lovelock & Lewes; and PricewaterhouseCoopers Private Limited oppose the motion.

■ After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously centralized in the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in MDL

No.2027 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions arising from allegations concerning a purported massive financial scandal involving common defendant Satyam Computer Services, Ltd. *See In re: Satyam Computer Services, Ltd., Securities Litigation,* 609 F.Supp.2d 1375 (U.S.Jud.Pan. Mult.Lit.2009).

■ In opposing transfer, the *Aberdeen* plaintiff argues, *inter alia,* that its action is not a putative class action, that it involves a number of unique claims, and that it does not share certain factual issues with the consolidated action in the MDL. Section 1407, however, does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, and (2) ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re: Chiquita Brands International, Inc., Alien Tort Statute and Shareholders Derivative Litigation,* 536 F.Supp.2d 1371, 1372 (U.S.Jud.Pan. Mult.Lit.2008).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is

* Judges Miller and Trager took no part in the disposition of this matter.

transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Barbara S. Jones for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.